(165 App. Div. 679)

In re JULIUS BIEN CO. (No. 330-9.)

(Supreme Court, Appellate Division, Third Department. January 6, 1915.)

1. ASSIGNMENTS FOR BENEFIT OF CREDITORS (§ 387*)—ATTORNEY'S FEES—FEES OF OPERATING COMMITTEE.

Where, on the hearing of an intermediate report of an assignee for the benefit of creditors, an allowance was asked for attorney's services, and, though the attorney's account was itemized, the reasonable necessity for the services charged for did not appear, and so far as the evidence showed the committee operating the business had been a detriment rather than a benefit to the estate, the allowance will not be confirmed, but will be suspended until the final accounting, to permit satisfactory explanation, and that they might submit to examination and cross-examination in open court.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. §§ 1145-1148; Dec. Dig. § 387.*]

2. ASSIGNMENTS FOR BENEFIT OF CREDITORS (§ 390*)—OPERATION OF BUSINESS —COMMITTEE OF CREDITORS—ALLOWANCE.

Where, after an assignment for the benefit of creditors, a committee of creditors appointed W. to operate the business, and agreed to give him 2½ per cent. of the assets, such agreement was not binding on the court, whose duty it was to protect the other creditors, not a party to the agreement, and see to it that no more than was just and reasonable was allowed.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. §§ 1152-1154; Dec. Dig. § 390.*]

Woodward, J., dissenting.

Appeal from Ulster County Court.

In the matter of the assignment of the Julius Bien Company, a New York corporation, for the benefit of creditors. From an order approving the report of the assignee, and permitting the payment of certain items objected to, etc., the assignor and two creditors appeal. Reversed, and motion denied.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Franklin Bien, of New York City (Harry Zalkin, of New York City, of counsel), for appellants.

Manley & Grand, of New York City (Franklin G. Manley, of New York City, of counsel), for respondent.

Aron & Vanderveer, of New York City (Edgar T. Brackett, of Saratoga Springs, of counsel), for Gustav C. Wedekind.

HOWARD, J. On February 2, 1914, the Julius Bien Company made an assignment for the benefit of its creditors. The business of the concern was lithographing. The inventory showed the assets of the assignor to be $59,123.13. By converting these assets into cash, $53,404.61 was realized. The assignee continued the business of the concern from the date of the assignment down to May 22, 1914, a period of nearly four months. This continuation of the business produced gross receipts (counting in the $11,619.92, outstanding accounts) of $35,092.59; but it cost $32,878.29 to operate the plant

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

during that time, so that there was only a net profit of $2,214.30. But it is not certain that there will be any profit, for only $23,472.67 in cash has been produced by operating the plant. The balance is outstanding and uncollected. In fact, the $53,404.61, realized from the liquidation of the assets which were turned over to the assignee has been depleted, as a result of operating the plant, down to $43,447.77, for this was the amount in his hands before he paid any of the disputed claims. Out of this amount the assignee has paid his attorneys $5,000. He asks to be allowed to take to himself on account of his fees $3,000, and to pay to the "committee of one," for expert services, $1,921.93. Each of these three items are disputed and contested by the appellants. The matter came on before the County Judge, and he approved of the assignee's report, including the attorney's fee, and directed the payment of the other two items.

[1] The account of the attorneys is very long, including 80 pages of the record, and it is very minute; but a careful examination of it leaves one in doubt as to the quantity and quality of the *legal* services rendered. One member of the firm of attorneys seems to have attended at the office of the assignor nearly every day, and to have remained all day from 9 a. m. to 6 p. m. Just why this was necessary is not very well disclosed. The character of this account and the size of the bill presented, compared with the size of the estate, requires, we think, that the attorneys explain it more satisfactorily, and submit to an examination and cross-examination in open court. We do not criticize the claim. The attorneys will, very likely, be able to establish it; but, in view of what has been said, we think its payment should be deferred until the final accounting.

[2] Mr. Wedekind, the "committee of one," claims to have performed services for which the committee of creditors agreed that he should have 2½ per cent. of the assets. This percentage, up to date, amounts to $1,921.93. There is yet more to be reckoned. That such an arrangement was made is not at all clear to us from the record; but, if it was made, it is not binding upon the court. It is the duty of the court to protect the other creditors, not a party to this agreement, even if the agreement was in fact made. Therefore the court must inquire whether the claim is just. The statute makes no provision for this expenditure; however, if it was proper and necessary, it will be upheld. The record is very meager as to the nature of the services rendered by Wedekind, or as to the necessity of their being rendered. As near as we can determine, he managed the business while it was being run from February 3d to May 22d. But the profit derived from a continuation of this business, as has been seen, was only $2,214.30. If all the outstanding accounts are not collected, perhaps there will be no profit. The continuation of the business brought into the hands of the assignee gross receipts of $35,092.59, upon which a commission of 7½ per cent. for the assignor and the "committee of one" had to be reckoned. A computation of this additional commission will show that it amounts to more than the slender profit on the continuation of the business, so that, if the management of the business was Mr. Wedekind's only duty, he was a detriment, rather than a profit, to the estate. But all this, perhaps, can be explained by Mr.

Wedekind. It is not, however, explained in the record before us; and Mr. Wedekind in his brief recognizes this, for he says the record is "somewhat meager as to the kind of services which he rendered." We therefore conclude that Mr. Wedekind should also make satisfactory explanation, and should submit to an examination and cross-examination in open court.

Without further comments, and for reasons set forth above, we think the payment of the assignee's commissions should be deferred until the final accounting. There is no apparent reason why this estate should not be closed up speedily, and that is why we are ordering the consideration of these claims deferred until the final accounting, rather than to make more expense by ordering a reference now.

We appreciate that only two creditors are objecting; but there are several other creditors, who, although not objecting, have not actually consented, for they have, apparently, given the matter no attention, and from the record there seems to be some merit in these objections.

When the matter was before the learned County Judge he overruled the objections; but, had the appellants on that occasion appeared and made vigorous protest, as they did on the appeal, he would, very likely, have heeded their argument. Their opposition at that time appeared, undoubtedly, quite perfunctory, so that they have in a manner necessitated this appeal; therefore they are entitled to no costs, here or below.

The order should be reversed, and the motion denied. All concur, except WOODWARD, J., who dissents.

Order reversed, without costs, and matter remitted to the county judge for further hearing.